J. S72019/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GARY LEE HALL | : | |
| APPELLANT | : | |
| | : | |
| | : | No. 118 MDA 2016 |

Appeal from the PCRA Order December 22, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0003408-2013

BEFORE: GANTMAN, P.J., DUBOW, J., and STRASSBURGER, J.[*]

MEMORANDUM BY DUBOW, J.: **FILED DECEMBER 02, 2016**

Appellant, Gary Lee Hall, appeals from the December 22, 2015 Order, entered in the Luzerne County Court of Common Pleas, denying his first Petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Additionally, Appellant's appointed counsel, Matthew P. Kelly, Esquire, has filed a Petition to Withdraw as Counsel and an accompanying "no merit" letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), and their progeny. We affirm the Order of the PCRA court and grant counsel's Petition to Withdraw as Counsel.

---

[*] Retired Senior Judge assigned to the Superior Court.

The relevant facts and procedural history are as follows. On April 4, 2014, Appellant, while represented by Nandukumar Palissery, Esquire, entered a guilty plea to one count of Indecent Assault Complainant Less than 13 Years of Age. 18 Pa.C.S. § 3126(a)(7).

On September 10, 2014, the court permitted Attorney Palissery to withdraw as counsel. The court ordered Appellant to apply to the Luzerne County Public Defender's Officer for new counsel. By September 17, 2014, James Barr, Esquire, of the Luzerne County Public Defender's Office represented Appellant.

On October 24, 2014, the court sentenced Appellant to a term of 18 to 36 months' incarceration, followed by four years' probation. Following an assessment by the Sexual Offender Assessment Board, the court determined that Appellant is a Sexually Violent Predator. The Court ordered Appellant to register as a sex offender for his lifetime pursuant to the Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S. § 9799, *et seq*. At the time of sentencing, James Barr, Esquire, represented Appellant.

Appellant did not file a direct appeal from his Judgment of Sentence. On March 23, 2015, Appellant filed a timely *pro se* PCRA Petition in which he alleged that: (1) his plea counsel was ineffective because he threatened to withdraw as counsel if Appellant did not enter into a plea agreement or provide additional funds to represent him at trial; (2) his plea counsel was ineffective because he did not advise Appellant that he could obtain new

counsel or seek to have counsel appointed; (3) his sentencing counsel was ineffective for failing to advise Appellant that he had the right to withdraw his guilty plea; (4) his sentencing counsel was ineffective because Appellant told him his plea counsel had threatened him into pleading guilty but did not advise Appellant of his options; and (5) his sentencing counsel was ineffective for failing to file a direct appeal at Appellant's request.

On June 15, 2015, the PCRA court appointed Jeffrey A. Yellen, Esquire, to represent Appellant. Attorney Yellen did not file an amended PCRA Petition. Following an evidentiary hearing, on December 23, 2015, the PCRA court denied Appellant's PCRA Petition. This timely appeal followed.

On January 20, 2016, the PCRA court appointed Matthew Kelly, Esquire, to represent Appellant on appeal. Appellant complied with the trial court's Order pursuant to Pa.R.A.P. 1925.

On July 13, 2016, Attorney Kelly filed in this Court a Petition to Withdraw as Counsel along with a *Turner*/*Finley* "no merit" letter. Attorney Kelly concluded that there were no non-frivolous issues to be raised on appeal after addressing each of the issues raised by Appellant in his Rule 1925(b) statement. Appellant did not respond to Attorney Kelly's Petition to Withdraw as Counsel.

Before we consider Appellant's arguments, we must review Attorney Kelly's request to withdraw from representation. Pursuant to *Turner*/*Finley*, independent review of the record by competent counsel is

required before withdrawal on collateral appeal is permitted. ***Commonwealth v. Pitts***, 981 A.2d 875, 876 n.1 (Pa. 2009). Counsel is then required to submit a "no merit" letter (1) detailing the nature and extent of his or her review; (2) listing each issue the petitioner wished to have reviewed; and (3) providing an explanation of why the petitioner's issues were meritless. ***Id***. The court then conducts its own independent review of the record to determine if the Petition is meritless. ***Id***. Counsel must also send to the petitioner: "(1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." ***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007).

Our review of the record discloses that Attorney Kelly has complied with each of the above requirements. In addition, Attorney Kelly sent Appellant copies of the ***Turner***/***Finley*** no-merit letter and his Petition to Withdraw, and advised him of his rights in lieu of representation in the event that the court granted Attorney Kelly permission to withdraw. ***See Commonwealth v. Widgins***, 29 A.3d 816, 818 (Pa. Super. 2011). Since Attorney Kelly has complied with the ***Turner***/***Finley*** requirements, we will proceed with our independent review of the record and the merits of Appellant's claims.

In the ***Turner***/***Finley*** letter, Attorney Kelly indicated Appellant wished to raise the following two issues on appeal:

1. Whether the trial court erred in failing to allow [Appellant] to withdraw his guilty plea which was coerced by his trial counsel and subsequent Public Defender, thus resulting in an involuntary plea.

2. Whether trial counsel was ineffective in failing to file an appeal to the [J]udgment of [S]entence issued on October 24, 2014.

Appellant's Brief at 1.

This Court's "standard of review for an order denying post-conviction relief is limited to whether the trial court's determination is supported by evidence of record and whether it is free of legal error." *Commonwealth v. Allen*, 732 A.2d 582, 586 (Pa. 1999). Further, "[t]he PCRA court's findings "will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Johnson*, 945 A.2d 185, 188 (Pa. Super. 2008).

Appellant alleges that his plea and sentencing counsel provided ineffective assistance by coercing him into entering a guilty plea and not filing a direct appeal from his Judgment of Sentence. In order to establish eligibility for PCRA relief, a petitioner must prove by a preponderance of the evidence that the conviction resulted from "[i]neffective assistance of counsel, which in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii).

In analyzing claims of ineffective assistance of counsel, we presume that trial counsel was effective unless the PCRA petitioner proves otherwise. *Commonwealth v. Williams*, 732 A.2d 1167, 1177 (Pa. 1999).

In order to succeed on a claim of ineffective assistance of counsel, Appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's performance lacked a reasonable basis; and (3) that the ineffectiveness of counsel caused the appellant prejudice. *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). Appellant bears the burden of proving each of these elements, and his "failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." *Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009).

Appellant first claims that his plea counsel coerced him into entering a guilty plea and his sentencing counsel, although aware of the alleged coercion, failed to advise Appellant to withdraw his guilty plea. The record belies this claim.

At Appellant's PCRA Hearing, Appellant testified that, at his plea hearing, he and the plea judge engaged in a lengthy guilty plea colloquy. N.T. PCRA Hr'g, 10/9/15, at 17. Appellant agreed that he had reviewed his plea agreement and had indicated to the court that he was satisfied with the services provided by Attorney Palissery. *Id.* Appellant further testified that he had informed the plea judge that it was his decision to plead guilty and

that he had not been forced or coerced into entering the plea agreement. *Id.* at 17-18. Appellant testified that he did not inform sentencing counsel Attorney Barr that Appellant thought he had been coerced into pleading guilty or that he wanted to withdraw his guilty plea. *Id.* at 19-20.

Appellant also testified at the PCRA Hearing that he testified at his Sentencing Hearing that he entered his guilty plea knowingly and voluntarily. *Id.* at 21; *see also* N.T. Sentencing H'rg, 10/24/14, at 8-9. He further testified that, at the time of sentencing, he told the court he understood that he could withdraw his plea and go to trial, but that he did not wish to do that. N.T. PCRA H'rg at 22; *see also* N.T. Sentencing H'rg at 9. Rather, he testified at his sentencing hearing that, "I'm guilty, ma'am." N.T. PCRA H'rg at 22; *see also* N.T. Sentencing H'rg at 9. Moreover, Appellant affirmed at his sentencing hearing that he was satisfied with the services provided by his counsel. *Id.* at 10.

Attorney Barr also testified at Appellant's PCRA hearing. Attorney Barr testified that he represented Appellant following Appellant's request to be appointed a public defender. *Id.* at 24. He testified that he took notes during his meeting with Appellant on October 8, 2014, and that his notes reflected that "defendant admits guilt. Defendant just doesn't want the SVP designation." *Id.* at 27. Attorney Barr testified that Appellant never indicated to him that Appellant felt coerced into entering a guilty plea or that he felt he had no choice but to plead guilty because he could not afford to

pay Attorney Palissery any more money. *Id.* at 27-28. He testified that he would have discussed with Appellant the possibility of withdrawing his guilty plea, and that Appellant never requested to withdraw his guilty plea during his sentencing hearing. *Id.* at 28. He confirmed that, in fact, Appellant admitted his guilt at his sentencing hearing. *Id.* at 29.

In light of the foregoing, the record supports the PCRA court's conclusion that Appellant knowingly and voluntarily entered his guilty plea. His claim, thus, lacks merit and Appellant is not entitled to relief on this issue.

Appellant next claims that Attorney Barr was ineffective in failing to file a direct appeal on Appellant's behalf. Appellant's Brief at 7.

Appellant testified at his PCRA hearing that the sentencing judge informed him of his appeal rights. N.T. PCRA H'rg at 10. Appellant also testified that he did not verbally tell Attorney Barr that he wanted to appeal his Judgment of Sentence. *Id.* Appellant testified that he instead sent Attorney Barr a letter after his sentencing informing counsel that he wanted to appeal his sentence, but that he did not recall when exactly he sent it and he did not keep a copy. *Id.* at 11-12.

Attorney Barr testified that, while he did not specifically recall discussing Appellant's appeal rights with Appellant, he recalled the sentencing judge informing Appellant of his rights, and that Appellant did not indicate to him that he wished to appeal any part of his sentence. *Id.* at 29-

30. He also testified that he never received any correspondence from Appellant in which he indicated that he wished to appeal. ***Id.***

Our review of the record indicates that the PCRA court did not err in denying Appellant relief on this issue. It is undisputed that Appellant did not verbally ask Attorney Barr to file an appeal from his Judgment of Sentence following his sentencing hearing and Appellant's unsubstantiated claim that he sent a written request for Attorney Barr to do so is unpersuasive. Accordingly, this issue lacks merit, and we affirm the denial of PCRA relief and grant counsel's Petition to Withdraw.

Order affirmed. Petition to Withdraw granted. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/2/2016